No. 18,717.

LYDIA A. TUTTLE, *Appellee*, v. TOM. K. BELL et al., *Appellants*.

OPINION DENYING A REHEARING.

Appeal from Sumner district court; CARROLL L. SWARTS, judge. Opinion denying a rehearing filed November 14, 1914. (For former opinion of modification see 92 Kan. 725, 142 Pac. 940.)

*W. W. Schwinn,* of Wellington, for the appellants.

*E. L. Foulke, C. A. Matson, J. D. Wall,* all of Wichita, and *J. M. Ready,* of Wellington, for the appellee.

*Per Curiam:* Possibly the language of the opinion as to the acquiescence of appellee in the disposition of the wheat by Lingenfelter is too strong, although it is not disputed that the appellee did discuss the place of selling the wheat with Lingenfelter; neither is it disputed that she selected Lane to attend to the weighing of the wheat. Lane testified on the trial that he superintended the weighing of the wheat except a small amount obtained from the second threshing. It is immaterial, however, whether or not she ratified the action of her attorney.

The wheat, standing, had been attached in an action brought before a justice of the peace by appellant Bell against R. Z. Ballard as owner. Bell obtained judgment against Ballard and an order sustaining the attachment. Lingenfelter's predecessor as sheriff had made the attachment. Mrs. Tuttle intervened and secured an order from the justice court dissolving the attachment, and Bell, by his attorney, Schwinn, had appealed, or attempted to appeal, from such order to the district court. Mr. Ready was the attorney for Mrs. Tuttle both in the justice court and in the district

Tuttle v. Bell.

court, and Mr. Schwinn was in each court the opposing attorney. The time to harvest the wheat was approaching and evidently the wheat should be harvested and marketed. Lingenfelter testified on the trial in the district court, presumably in the presence of both these attorneys, that both authorized him to harvest, thresh and market the wheat; that he had done so, had the money obtained therefor, and was ready to pay it out on the order of the court. It was a matter directly involved in the employment of the attorneys, and in which, by virtue of their employment, they were the agents, respectively, of their different clients.

It is said the jury had a right to disregard the evidence of Lingenfelter because he had told Mrs. Tuttle that he thought he would have to hold the wheat. It did not devolve upon the sheriff to decide at his peril his right to hold possession of the wheat, especially as the question was in litigation. If there was any substantial reason why the jury should ignore Lingenfelter's evidence, of course they had the right to do so. But it seems almost inconceivable that a witness with no direct interest involved should testify in the presence of the two men who, he says, gave him authority to harvest, thresh, sell and account for the wheat unless there was a basis for the statement. The story was true or it was a fabrication, and if a fabrication, that fact, we assume, could have been proven by either or both of the attorneys.

The appeal was not and probably could not be heard until after harvest, and the arrangement to save the wheat, as testified to by Lingenfelter, seems a natural and reasonable thing to be done under the circumstances. No witness denied his statement and it was error to discard it.

Under the circumstances we think the verdict and judgment as rendered were contrary to the evidence. We adhere to the decision modifying the judgment.